UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK GREER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GREEN TREE SERVICING, LLC;<br>NORTHWEST TRUSTEE SERVICES,<br>INC.; and RCO LEGAL, P.S.,<br><br>　　　　　Defendant. | CASE NO. 3:14-CV-05594-RJB<br><br>ORDER ON DEFENDANTS<br>NORTHWEST TRUSTEE<br>SERVICES, INC. AND<br>RCO LEGAL, P.S.'S MOTION FOR<br>SUMMARY JUDGMENT |

This matter comes before the Court on a motion for summary judgment ("the Motion") filed by defendants Northwest Trustee Services, Inc. ("Northwest Trustee") and RCO Legal, P.S. ("RCO Legal"). Dkt. 24-26. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein. Dkt. 30, 31, 34.

FACTUAL BACKGROUND

In exchange for a $214,000 property loan from Sierra Pacific Mortgage Company, Inc., Plaintiff signed a promissory note on September 12, 2006. Dkt. 25-1. The loan was secured by a

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 1

1  deed of trust. Dkt. 25-2. Plaintiff made payments from November 1, 2006 until October 1, 2009

2  to GMAC Mortgage, LLC ("GMAC"), holder of the promissory note and beneficiary under the

3  deed of trust. Dkt. 1, at ¶¶ 11, 12; Dkt. 25-4. Following Plaintiff's delinquency, GMAC referred

4  its non-judicial foreclosure on the promissory note to Northwest Trustee, appointing Northwest

5  Trustee as its successor trustee on August 3, 2011. Dkt. 25-4. On behalf of GMAC, Northwest

6  Trustee issued Plaintiff a Notice of Trustee's Sale on November 5, 2012. Dkt. 25-5.

7        GMAC transferred its loan servicing to defendant, Green Tree Servicing, LLC ("Green

8  Tree") effective February 1, 2013. Dkt. 25-6. Green Tree first issued a Notice of Default to

9  Plaintiff on August 26, 2013.  On behalf of Green Tree, Northwest Trustee notified Plaintiff on

10  October 21, 2013 of an Amended Notice of Trustee's Sale. Dkt. 25-7. Northwest Trustee also

11  issued a Notice of Default on Green Tree's behalf on November 8, 2013, as well as another

12  Amended Notice of Trustee's Sale on January 29, 2014, with a sale date of June 6, 2014. Dkt.

13  25-8; Dkt. 25-9. After Plaintiff requested a meeting with his loan beneficiary, Northwest Trustee

14  cancelled the pending sale and employed RCO Legal to facilitate a meeting with Plaintiff for

15  May 12, 2014. Dkt. 25-10; Dkt. 26-2.  Plaintiff did not appear for the meeting, claiming that

16  Green Tree had allegedly not complied with statutory obligations precedent to such a meeting.

17  Dkt. 26-3 ("[Green Tree is not] compliant [sic] with the DTA . . . Based on the above I will not

18  be attending[.]"); Dkt. 1, at ¶¶ 55-68.

19                                  PROCEDURAL HISTORY

20        Plaintiff filed his Complaint against Green Tree, Northwest Trustee, and RCO Legal on

21  July 25, 2014. Dkt. 1. Against Northwest Trustee, Plaintiff alleges violations of the Fair Debt

22  Collection Practices Act ("FDCPA") (Count II), the Washington Collection Agencies Act

23  ("CAA") (Count V, VI, VIII, IX, X, XI), and the Washington Deeds of Trust Act ("DTA")

24

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 2

(Count XIII). Against RCO Legal, Plaintiff alleges violations of the FDCPA (Count III) and the DTA (XIV).  The Court has federal question jurisdiction over Plaintiff's FDCPA claims and supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1331, § 1367(a).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts

specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

**A. Fair Debt Collection Practices Act ("FDCPA") claim (Count II, III)**

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors ... and to promote consistent state action to protect consumers against debt collection abuses."15 U.S.C. § 1692(e). To state a claim under the FDCPA, Plaintiffs must allege facts sufficient to show that (1) the defendant was collecting a debt as a debt collector, and (2) its debt collection actions violated a federal statute. *Jerman v. Carlisle,* 559 U.S. 573 (2010);15 U.S.C. § 1692 et seq. The FDCPA's definition of "debt collector" consists of a general definition followed by a number of exceptions. 15 U.S.C. § 1692a(6). The general definition states as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects . . . debts owed . . . or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. *Id*.

Although not addressed by the Ninth Circuit, other trial courts have found that nonjudicial foreclosure actions do not constitute "debt collection" under the FDCPA, unless alleged as a violation of 15 U.S.C. § 1692f. *Jara v. Aurora Loan Servs., LLC*, No. C 11-00419 LB, 2011 WL 6217308, at *4 (N.D. Cal. Dec. 14, 2011); *Garfinkle v. JPMorgan Chase Bank,* No. C 11–01636 CW, 2011 WL 3157157, *3 (N.D.Cal. 2011); *Hulse v. Ocwen Fed. Bank, FSB,* 195 F.Supp.2d 1188 (D.Or.2002); *Walker v. Quality Loan Serv. Corp.*,176 Wn. App. 294, 316 (Div. I, 2013);

1 | *Dietz v. Quality Loan Serv. Corp. of Washington*, No. C13-5948 RJB, 2014 WL 5343774, at *2

2 | (W.D.Wash.2014)("The Notice of Default and Notice of Sale(s) are statutorily required notices .

3 | . . not "debt collection" activities separate from the non-judicial process").  This Court joins in

4 | the logic of these other courts, because "foreclosing on a trust deed is distinct from the collection

5 | of the obligation to pay money," and "[t]he FDCPA is intended to curtail objectionable acts

6 | occurring in the process of collecting funds from a debtor." *Hulse*, 195 F.Supp.2d at 1204.

7 |      1.  *Northwest Trustee*

8 |      As applied to Northwest Trustee, all of Northwest Trustee's actions as alleged were part

9 | of non-judicial foreclosure proceedings initiated against Plaintiff. Plaintiff alleges that Northwest

10 | Trustee issued an Amended Notice of Trustee's Sale on October 21, 2013, a Notice of Default on

11 | November 8, 2013, an Amended Notice of Sale on January 29, 2014, and a Notice of Default on

12 | July 2, 2014, all of which are part of non-judicial foreclosure proceedings allowable under

13 | Washington law. Dkt. 1, at ¶¶ 31, 36, 40, 41, 48, 66. *See* RCW 61.12.110; RCW 61.24.031;

14 | RCW 61.24.40. Therefore, all violations alleged under the FDCPA against Northwest Trustee,

15 | other than those under 15 U.S.C. § 1692f, should be dismissed on that basis. *See* Dkt. 1, at 13.

16 |      Plaintiff's alleged violation of the FDCPA under 15 U.S.C. § 1692f also fails for failure

17 | to make a sufficient showing. Plaintiff alleges that Northwest Trustee violated 15 U.S.C. § 1692f

18 | by "using unfair and unconscionable means to collect or attempt to collect a debt. The whole of

19 | Northwest Trustee's correspondence to Plaintiff in their attempts to collect an alleged debt are

20 | unfair and unconscionable." This allegation is conclusory. Plaintiff does not state why the

21 | correspondence is unfair and unconscionable, but rather parrots general language from the

22 | statute. In fact, the statute itself is far more specific than Plaintiff, providing eight non-exhaustive

23 | examples of unfair conduct. Plaintiff does not identify which subsection applies, nor does

24 |

Plaintiff offer an alternative. Furthermore, Plaintiff alleges that is the "whole of Northwest Trustee's correspondence" that is unfair and unconscionable, but in review of the record, Northwest Trustee's correspondence appears transparent, direct, and unambiguous. The violation of the FDCPA alleged under 15 U.S.C. § 1692f is insufficient. Plaintiff's FDCPA claim against Northwest Trustee (Count II) should be dismissed.

*2. RCO Legal*

Plaintiff's allegations of the FDCPA, other than those under 15 U.S.C. § 1692f, fail as against RCO Legal for the same reason as Northwest Trustee: RCO Legal acted on behalf of Green Tree to pursue non-judicial foreclosure. From the record provided, it appears that Green Tree employed RCO Legal to setup a telephone meeting with Plaintiff to discuss options available to prevent foreclosure. Dkt. 26-2. This is not actionable misconduct under FDCPA.

Plaintiff's allegation under 15 U.S.C. § 1692f against RCO Legal is identical to that alleged against Northwest Trustee. Dkt. 1, ¶¶ 86, 90. For the same reason as Northwest Trustee, *see infra*, this allegation fails. Plaintiff's FDCPA claim against RCO Legal (Count III) should be dismissed.

**B. State law claims (Counts V, VI, VIII, IX, X, XI, XIII, XIV)**

In addition to alleging a FDCPA claim, over which the Court has original jurisdiction, *see* 28 U.S.C. § 1331, Plaintiff alleges state law claims against Northwest Trustee for violations of the Collection Agencies Act (Count V, VI, VIII, IX, X, XI) and the Deed of Trust Act (Count XIII).  Plaintiff also alleges that RCO Legal violated the Deed of Trust Act (Count XIV).

The Court may exercise supplemental jurisdiction over these state law claims. *See* 28 U.S.C. § 1367(a). However, where, as here, the Court has dismissed all claims over which it has

original jurisdiction, *see supra*, the Court may decline to exercise supplemental jurisdiction and may dismiss the state claims without prejudice. 28 U.S.C. § 1367(c)(3).

In this case, the Court will exercise its discretion to decline supplemental jurisdiction over Plaintiff's state law claims against Northwest Trustee and RCO Legal. They should be dismissed without prejudice.

\* \* \*

Therefore, it is hereby

**ORDERED** that:

(1) Northwest Trustee and RCO Legal's Motion for Summary Judgment (Dkt. 24) is **GRANTED** as to Plaintiff's FDCPA claims against Northwest Trustee (Count II) and RCO Legal (Count III);

(2) Plaintiff's FDCPA claims against Northwest Trustee (Count II) and RCO Legal (Count III) are **DISMISSED**;

(3) Plaintiff's state law claims against Northwest Trustee (Counts V, VI, VIII, IX, X, XI, XIII) and RCO Legal (XIV) are **DISMISSED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 6th day of July, 2015.

ROBERT J. BRYAN
United States District Judge