1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICK GREER,

               Plaintiff,

    v.

GREEN TREE SERVICING, LLC;
NORTHWEST TRUSTEE SERVICES,
INC.; and RCO LEGAL, P.S.,

               Defendant.

CASE NO. 3:14-CV-05594-RJB

ORDER ON DEFENDANT GREEN
TREE SERVICING LLC'S MOTION
FOR SUMMARY JUDGMENT

       This matter comes before the Court on a motion for summary judgment ("the Motion")

filed by defendant, Green Tree Servicing, LLC. Dkt. 21-23. The Court has considered the

pleadings filed in support of and in opposition to the motion and the file herein. Dkt. 28, 29, 32,

33.

<u>FACTUAL BACKGROUND</u>

       In exchange for a $214,000 property loan from Sierra Pacific Mortgage Company, Inc.,

Plaintiff signed a promissory note on September 12, 2006. Dkt. 23, at 4-7. The loan was secured

1  by a Deed of Trust. *Id*., at 8. Plaintiff made payments from November 1, 2006 until October 1,

2  2009 to GMAC Mortgage, LLC ("GMAC"), who serviced the loan. Dkt. 1, at ¶¶ 11, 12. After

3  GMAC entered bankruptcy, it transferred Plaintiff's account to defendant, Green Tree Servicing,

4  LLC ("Green Tree"), notifying Plaintiff that, effective February 1, 2013, "the servicing of

5  [Plaintiff's] mortgage loan . . . is being assigned, sold, or transferred" and that the change "does

6  not affect any term or condition of the mortgage instruments, other than terms directly related to

7  the servicing of your loan." Dkt. 29-2, at 1. In Green Tree's first correspondence to Plaintiff,

8  Green Tree notified Plaintiff of the transfer from GMAC and informed Plaintiff of the balance

9  owed on the loan. Dkt. 23, at 9. The letter also informed Plaintiff that he could request

10  verification of the debt and confirmation of the original creditor. *Id*. Plaintiff requested

11  verification of the debt by letter on July 8, 2013, stating that he was "refus[ing] to pay [because

12  Green Tree] had not yet proven this alleged debt to be one which [Plaintiff was] obligated to

13  pay." *Id*., at 28-30. Green Tree responded to Plaintiff's letter on July 16, 2013, directing Plaintiff

14  to contact Green Tree's bankruptcy department. Dkt. 29-6.

15      On August 26, 2013, Green Tree sent Plaintiff a document entitled, "Notice of Default

16  and Right to Cure Default" ("the Notice of Default"). Dkt. 23, at 31, 32. Green Tree also sent

17  Plaintiff a document entitled, "Notice of Pre-foreclosure Options" on August 27, 2013, in which

18  Green Tree outlined Plaintiff's rights to avoid foreclosure on the loan default, including the

19  option to request a meeting within 30 days. *Id*., at 36-42.

20      Plaintiff wrote a letter to Green Tree on September 16, 2013, requesting an in-person

21  meeting with the loan beneficiary. Dkt. 29-9. The letter included specific demands to Green Tree

22  and made an in-person meeting contingent on Green Tree's response to "what [Plaintiff] seek[s]

23  clarification on." *Id*. ("before this meeting can be scheduled I'll need clarity to Green Tree's

24

ORDER ON DEFENDANT GREEN TREE
SERVICING LLC'S MOTION FOR SUMMARY
JUDGMENT- 2

1  actions to date as outlined above"). Green Tree responded on October 25, 2013. Dkt. 23, at 33-

2  35.

3        Green Tree mailed Plaintiff a Notice of Avoidance of Foreclosure on September 10,

4  2013, and a second Notice of Default on November 8, 2013. *Id.*, at 43, 44, 46-49. Plaintiff

5  disputed his "non-compliance" with the Notice of Default by letter on December 26, 2013, again

6  making demands, including that Green Tree provide him with evidence of its compliance with

7  statutory requirements for notices of default. Dkt. 29-11. Following the issuance of the Notice of

8  Trustee's Sale on January 29, 2014 by Northwest Trustee, LLC ("Northwest Trustee") at the

9  request of Green Tree, Plaintiff articulated his objections by letter on February 20, 2014. Dkt.

10  29-12. *See* Dkt. 25-14.

11        In a letter dated April 25, 2014, RSO Legal, P.S. ("RSO Legal") on behalf of Green Tree

12  requested a May 12, 2014 meeting with Plaintiff. Dkt. 26-2; Dkt. 26-3; Dkt. 1, at ¶55. *See* Dkt.

13  22, at 19. Green Tree had made multiple attempts to schedule the meeting by telephone. Dkt. 29-

14  13. Plaintiff did not appear for the meeting on the basis that Green Tree had allegedly not

15  complied with statutory obligations precedent to such a meeting. Dkt. 26-3 ("[Green Tree is not]

16  compliant [sic] with the WDTA . . . Based on the above I will not be attending[.]"); Dkt. 1, at ¶¶

17  55-68.

18                          PROCEDURAL HISTORY

19        Plaintiff filed his Complaint against Green Tree, Northwest Trustee, and RCO Legal on

20  July 25, 2014. Dkt. 1. Against Green Tree, Plaintiff alleges violations of the Fair Debt Collection

21  Practices Act ("FDCPA") (Count I), the Washington Collection Agencies Act ("CAA") (Count

22  IV, VII), the Washington Deeds of Trust Act ("DTA") (Count XII), and the Washington

23  Consumer Protection Act ("CPA") (Count XV).  The Court has federal question jurisdiction over

24

ORDER ON DEFENDANT GREEN TREE
SERVICING LLC'S MOTION FOR SUMMARY
JUDGMENT- 3

1  Plaintiff's FDCPA claim and supplemental jurisdiction over Plaintiff's state law claims. 28

2  U.S.C. § 1331, § 1367(a).

3  SUMMARY JUDGMENT STANDARD

4       Summary judgment is proper only if the pleadings, the discovery and disclosure materials

5  on file, and any affidavits show that there is no genuine issue as to any material fact and that the

6  movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is

7  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

8  showing on an essential element of a claim in the case on which the nonmoving party has the

9  burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

10  of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

11  for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

12  (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

13  metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a

14  material fact exists if there is sufficient evidence supporting the claimed factual dispute,

15  requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty*

16  *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

17  *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

18       The determination of the existence of a material fact is often a close question.  The court

19  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

20  e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, T.W. *Elect.*

21  *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

22  of the nonmoving party only when the facts specifically attested by that party contradict facts

23  specifically attested by the moving party.  The nonmoving party may not merely state that it will

24

discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

<u>DISCUSSION</u>

**A. Plaintiff's Motion to Strike**

Prior to addressing the substance of Green Tree's motion, Plaintiff requests that the Court strike the declaration of Michael Harris for its tardiness, and in the alternative, to not consider Exhibit 8 of Mr. Harris' declaration. Dkt. 28, at 4, 5. *See* Dkt. 23. Green has submitted Mr. Harris' declaration more than 30 days prior to trial, so the Court will consider it, particularly because Plaintiff relies on several of the exhibits in Mr. Harris' declaration, both in Plaintiff's Complaint and responsive briefing. Fed. R. Civ. P. 30(e)(3)(B). The relevance of Exhibit 8, a certification of compliance with RCW 61.24.031, is not clear to the Court, because it is signed by a loan servicer, "Ocwen Loan Servicing, LLC for Deutsche Bank Trust Company Americas," that is not otherwise mentioned in the pleadings. *C.f.* Dkt. 23, at 45 and Dkt. 1. This entity may have serviced Plaintiff's loan on behalf of Green Tree, but if so, the Court cannot make this inference on the record provided. The Court need not consider Exhibit 8 but will consider the rest of Mr. Harris' declaration.

Plaintiff also asks the Court to strike the declaration of William Fig, or in the alternative, to not consider Exhibit 3. Dkt. 28, at 4, 5. *See* Dkt. 22, at 19. Plaintiff does not articulate a basis for excluding exclude Mr. Fig's declaration in its entirety, *see* Dkt. 28, at 5, but argues that Exhibit 3, a certification of compliance with RCW 61.24.031, is a "sham" and that it contains inaccurate information, due to the circumstances surrounding a meeting scheduled on May 12,

1   2014 by Green Tree. *Id*. The certification in Exhibit 3 clearly lists Green Tree as Loan Servicer

2   to Borrower, Rick Greer, with a requested meeting date of May 12, 2014, and thus appears to be

3   highly relevant to Plaintiff's WDTA claim. Dkt. 22, at 19; Dkt. 1, ¶¶ 55-65. *See* Count XII, Dkt.

4   1, at 22, 23.  The Court will consider Mr. Fig's declaration.

5       Finally, Plaintiff asks the Court not to take judicial notice of other bankruptcy and district

6   court cases involving Plaintiff because they are irrelevant. Dkt. 28, at 4. Although it would be

7   permissible for the Court to consider Plaintiff's other federal district court and bankruptcy cases,

8   which are public records, the Court will address Plaintiff's case on its own merits.

9   **B. Fair Debt Collection Practices Act ("FDCPA") claim (Count I)**

10      The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt

11  collectors ... and to promote consistent state action to protect consumers against debt collection

12  abuses."15 U.S.C. § 1692(e). To state a claim under the FDCPA, Plaintiffs must allege facts

13  sufficient to show that (1) the defendant was collecting a debt as a debt collector, and (2) its debt

14  collection actions violated a federal statute. *Jerman v. Carlisle,* 559 U.S. 573 (2010);15 U.S.C. §

15  1692 et seq. The FDCPA's definition of "debt collector" consists of a general definition followed

16  by a number of exceptions. 15 U.S.C. § 1692a(6). Of relevance here, the FDCPA excludes "any

17  person collecting or attempting to collect any debt owed . . . [that] concerns a debt *which was not*

18  *in default at the time it was obtained* by such person." 15 U.S.C. § 1692a(6)(F)(iii) (emphasis

19  added).

20      The FDCPA does not define "in default," but courts interpreting the statute have taken a

21  case-by-base approach to consider underlying contracts and applicable state law. *De Dios v. Int'l*

22  *Realty & Inves.*, 641 F.3d 1071, 1074 (9th Cir.2011). Under Washington law, a notice of default

23  may not be issued by trustees, beneficiaries, or their agents until certain due diligence

24

1  requirements, including written and telephonic communications, are satisfied. RCW

2  61.24.031(1)(a). Once these requirements have been satisfied, a notice of default may be issued

3  after thirty days, or if the borrower responds, after ninety days. *Id.*

4        Although this Court can find no Washington case precisely addressing the question of

5  when a person becomes "in default," it stands to reason that a person is not in default until a

6  notice of default is issued, because statutory protections for borrowers would otherwise be

7  ineffective. *See generally*, RCW 61.24.031. On the record provided then, Plaintiff became in

8  default when Green Tree issued its Notice of Default on August 26, 2013. *See* Dkt. 23, at 31

9  ("You are now in default . . . You have the right to correct this default within thirty (30) days

10  from the date of this Notice."). The serving of Plaintiff's loan was transferred to Green Tree from

11  GMAC effective on February 1, 2013. Dkt. 23, at 26; Dkt. 29-2, at 1. Therefore, because

12  Plaintiff was not in default at the time that GMAC transferred Plaintiff's loan to Green Tree,

13  Green Tree is not a debt collector. *See* 15 U.S.C. § 1692a(6)(F)(iii). The fact that Green Tree is a

14  loan servicer to Plaintiff's loan, not a debt collector, is also supported by the facts; for instance,

15  in GMAC's letter to Plaintiff, GMAC explains the reason for the transfer, GMAC's own

16  bankruptcy. Dkt. 29-2, at 1 ("Because your current servicer . . . is the subject of a bankruptcy

17  proceeding . . . "). Plaintiff's FDCPA claim should be dismissed, because Green Tree is not a

18  debt collector, and the FDCPA does not apply.

19  **C.  State law claims (Counts IV, VII, XII, XV)**

20        In addition to alleging a FDCPA claim, over which the Court has original jurisdiction, *see*

21  28 U.S.C. § 1331, Plaintiff also alleges several state law claims: violations of the Collection

22  Agencies Act (Count IV, VII), the Deeds of Trust Act (Count XII), and the Consumer Protection

23  Act (Count XV). The Court may exercise supplemental jurisdiction over these claims. *See* 28

24

1  U.S.C. § 1367(a). However, where, as here, the Court has dismissed all claims over which it has

2  original jurisdiction, *see supra*, the Court may decline to exercise supplemental jurisdiction and

3  may dismiss the state claims without prejudice. 28 U.S.C. § 1367(c)(3).

4        In this case, the Court will exercise its discretion to decline supplemental jurisdiction

5  over Plaintiff's state law claims against Green Tree. They should be dismissed without prejudice.

6                                          * * *

7        Therefore, it is hereby

8        **ORDERED** that:

9        (1) Green Tree's Motion for Summary Judgment (Dkt. 21) is **GRANTED** as to
10             Plaintiff's FDCPA claim against Green Tree (Count I);

11        (2) Plaintiff's FDCPA claim against Green Tree (Count I) is **DISMISSED**;

12        (3) Plaintiff's state law claims against Green Tree (Count IV, VII, XII, XV) are
           **DISMISSED WITHOUT PREJUDICE**.

13        The Clerk is directed to send uncertified copies of this Order to all counsel of record and

14  to any party appearing pro se at said party's last known address.

15        Dated this 6th day of July, 2015.

16

17                            _____

18                            ROBERT J. BRYAN
                          United States District Judge

19

20

21

22

23

24